Sarah Ferguson, (NSBN 14515)
PARSONS BEHLE & LATIMER
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
sferguson@parsonsbehle.com

*Attorney for Plaintiff Dr. Taryn Bragg*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TARYN BRAGG, M.D., an individual,<br><br>Plaintiff,<br>vs.<br><br>AMANDA MUNOZ, an individual, ALEENA VILLALOBOS, an individual of majority,<br><br>Defendants. | Case No. 2:23-cv-01153<br><br>**MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL** |

Pursuant to LR IA 10-5, Plaintiff Taryn Bragg, M.D., ("Dr. Bragg"), by and through her undersigned counsel, respectfully moves for the Court to enter an Order permitting Dr. Bragg to file under seal her Complaint for Damages and Injunctive Relief ("Complaint").

This motion is based on the following Memorandum of Points and Authorities and any argument that the Court may request or consider.

DATED: July 21, 2023     PARSONS BEHLE & LATIMER

*/s/ Sarah Ferguson*
Sarah Ferguson, Nevada Bar No. 14515
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
sferguson@parsonsbehle.com

*Attorney for Plaintiff Dr. Taryn Bragg*

PARSONS
BEHLE &
LATIMER

4893-1802-4817.v1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   ARGUMENT**

Dr. Bragg requests that she be allowed to file her Complaint under seal because the allegations in it rest in large part on Defendant Munoz's false, defamatory allegations that Dr. Bragg engaged in an extramarital affair with Munoz's husband and negligently provided inadequate medical care to Munoz's minor child.

Though the Ninth Circuit has recognized a "a general right to inspect and copy" judicial records, a court should seal a complaint when there is a "compelling reason" to do so. *Birch v. DelPorto*, No. 3:19-cv-00280-MMD-WGC, 2019 WL 2298699, at *1 (D. Nev. May 30, 2019). Compelling reasons to seal a complaint "include when a court record might be used to 'gratify private spite or promote public scandal …' [or] to circulate 'libelous' statements." *Id*. Moreover, when a document contains "private health information," there is a compelling reason to seal the document. *See United States v. DVH Hospital Alliance*, No. 2:19-cv-01560-JAD-VCF, LLC, 2023 WL 3724178, at *1 (D. Nev. May 26, 2023); *Allstate Ins. Co., v. Shah*, No. 2:15-cv-01786-APG-DJA, 2023 WL 2307826, at *1-2 (D. Nev. Feb. 28, 2023) (granting a motion to seal in part because "the patients whom the documents discuss have a privacy interest in their health information."). Finally, "[p]ersonal identifying information of third parties with a need for privacy ... is sealable." *Maglula, Ltd. v. Hangzhou Goodtools Co*., No. 2:18-cv-00842-GMN-VCF, Ltd. 2019 WL 2112983, at *1 (D. Nev. Feb. 4, 2019); *see also Delvecchia v. Frontier Airlines, Inc*., No. 2:19-cv-01322-KJD-DJA, 2021 WL 5605176, at *5 (D. Nev. Nov. 30, 2021) (sealing records in part because they "concern minors").

There are several compelling reasons to allow Dr. Bragg to file her Complaint under seal. First, there is a significant threat it could be used to gratify Defendants' personal spite against Dr. Bragg by allowing others to circulate Defendants' defamatory statements about her. As explained in Dr. Bragg's Complaint, filed contemporaneously with herewith, Defendants are engaged in a campaign to ruin Dr. Bragg's personal and professional reputation by publicly defaming her, placing her in a false light, and interfering with her business relations. In furtherance of this campaign, Defendant Munoz has directed false, defamatory comments to multiple public forums

1 on the internet, including Facebook pages run by those who enable Dr. Bragg to practice
2 medicine and earn a living. To prosecute this lawsuit, Dr. Bragg's Complaint contains granular
3 details regarding the false, salacious statements Defendant Munoz made regarding Dr. Bragg,
4 including that Dr. Bragg purportedly engaged in an extramarital relationship with Munoz's
5 husband and that Dr. Bragg supposedly provided inadequate medical care to Munoz's minor
6 child. To show the falsity of Munoz's statements, Dr. Bragg's Complaint contains information
7 regarding private communications Dr. Bragg had with Munoz and Munoz's husband.  If this
8 information was publicly filed, there is a significant threat that Defendants or others could use it
9 to further circulate the false, defamatory accusations Defendants have made about Dr. Bragg. The
10 Court should endeavor to avoid this by allowing Dr. Bragg to file her Complaint under seal.
11 *Birch*, 2019 WL 2298699, at *1.

12     The Court should also allow Dr. Bragg to file the Complaint under seal because it contains
13 information regarding Dr. Bragg's medical treatment of Munoz's minor son. As explained above,
14 Munoz has falsely accused Dr. Bragg of negligently providing inadequate medical care to her
15 child. To show the falsity of Munoz's statements, Dr. Bragg's complaint necessarily contains
16 private health information related to her treatment of Munoz's child.  The Court should prevent
17 public access to the minor's private health information by allowing Dr. Bragg to file the
18 Complaint under seal. *DVH Hospital Alliance*, 2023 WL 3724178, at *1; *Allstate Ins. Co.,* 2023
19 WL 2307826, at *1-2.

20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## II. CONCLUSION

Publicly filing this lawsuit could not only lead to further circulation of Defendants' spiteful, defamatory statements regarding Dr. Bragg, but would also reveal a minor's private health information. Accordingly, Dr. Bragg requests that the Court allow her to file her Complaint under seal.

DATED: July 21, 2023          PARSONS BEHLE & LATIMER

*/s/ Sarah Ferguson*
Sarah Ferguson, Nevada Bar No. 14515
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
sferguson@parsonsbehle.com

*Attorney for Plaintiff Dr. Taryn Bragg*

4

4893-1802-4817.v1